UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DAVID L GARDINER,                   :
                                    :
     Petitioner,                    :   Civ. No. 16-4012 (NLH)
                                    :
   v.                               :   OPINION
                                    :
BURLINGTON COUNTY JAIL,             :
                                    :
     Respondent.                    :
_____ :

APPEARANCES:
David L. Gardiner, # 43308
Burlington County Jail
P.O. Box 6000
Mount Holly, NJ 08060
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner David L. Gardiner, a prisoner confined at the Burlington County Jail in Mount Holly, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2254, challenging his New Jersey state court conviction. (ECF No. 1). This case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3). On or about August 15, 2016, Plaintiff filed a new application to proceed in forma pauperis (ECF No. 4), and the case was reopened for review by a judicial officer.

    As previously explained to Petitioner, the filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local

Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L.Civ.R. 81.2(c).

   Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, Petitioner failed to submit an institutional account statement for a six-month period that is certified by an authorized officer of the institution which indicates (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the

prisoners institutional account during the six-month period prior to the date of the certification. L.Civ.R. 81.2(b).

Accordingly, this matter will again be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to reopen

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                              ___s/ Noel L. Hillman_____
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: August 24, 2016
At Camden, New Jersey